BEATTY, Retired Justice.
In April 1997, the State of Alabama, on behalf of Meta Robinson Whitt, petitioned for modification of a child support order. After a hearing, the referee granted the petition and ordered Alexander H. Gamble (the father) to pay $390 per month in child support, effective June 15,1997.
The father requested a rehearing of the referee’s order. On September 11, 1997, a family court judge heard the matter and, thereafter, issued an order ratifying and confirming the referee’s order.
The father appealed to the circuit court, which transferred the matter to this court, after having found:
“1. That the parties, by and through their attorneys of record, certify that there is an adequate record in the juvenile court and that only questions of law are involved.”
(Emphasis added.)
In his appellate brief the father states:
“It must be noted, however, that counsel for [the father] has been informed by [the family court] court reporter ... that the trial tape was damaged and, therefore, a trial transcript cannot be provided.”
Nevertheless, the father apparently made no attempt to establish a statement of the proceedings, pursuant to Rule 10(d), Ala. R.App. P.
The father argues the following in his appellate brief:
“[The father] contends that, based on the evidence presented at the trial of this cause, that the court should have found that it [was] manifestly unjust and inequitable to base his child support obligations upon the guidelines in this case.
“... [The father] contends that based upon the evidence presented at the trial of this cause, that there was sufficient evidence that he could not afford the increased payment of $390.00 and, therefore, deviation from the child support guidelines was appropriate in this matter.”
(Emphasis added.)
The father’s position on appeal is confusing- — on one hand the circuit court stated that the parties had certified that there was an adequate record and that only questions of law were involved. On the other hand, the father contends that there is no trial transcript available and his arguments are based “upon the evidence presented at the trial [in the family court].” This confusing position is one that should be resolved in the circuit court by the establishment of an adequate record for appeal. Consequently, we remand this cause to the circuit court for compliance with the foregoing.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active *1118 duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH INSTRUCTIONS. *
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.

 Note from the reporter of decisions: On September 7, 1999, the Court of Civil Appeals dismissed the appeal, without opinion.